UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elizabeth M. R.,
A.E.P.M., a minor child,
I.A.P.M., a minor child,

    Petitioners,

v.

David Easterwood, et al.,

    Respondents.

**ORDER GRANTING WRIT OF HABEAS CORPUS**
Civil File No. 25-01405 (MJD/ECW)

Lyndsey M. Marcelino Schalkwyk, Marcelino & Kim PC, Counsel for Petitioners.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

**I. INTRODUCTION**

This matter is before the Court on Petitioners Elizabeth M. R., A.E.P.M., and I.A.P.M.'s petition for writ of habeas corpus filed on February 12, 2026. (Doc. 1.) ("Pet.")  Petitioners assert they are being held in detention in violation of the law.  They seek a writ of habeas corpus requiring, among other things, that Respondents immediately release them from custody into Minnesota.

## I. FACTS[1]

Petitioners are citizens of Mexico and residents of Burnsville, Minnesota who entered the United States on or about April 21, 2024. (Pet. ¶¶ 1, 9.) Petitioner Elizabeth M. R. ("Ms. M. R.") is the mother of I.A.P.M. and A.E.P.M., who are being held in detention with her. I.A.P.M. is eight-years-old and prone to panic attacks. (Id. ¶ 10.) Upon information and belief, I.A.P.M. has not been given access to appropriate medical care while in custody, including evaluation or treatment for his panic symptoms. (Id.) A.E.P.M. is 14-years-old and recently had foot surgery. (Id. ¶ 11.) A.E.P.M. has follow-up medical care scheduled in the near future related to that surgery. (Id.) Upon information and belief, AEPM has not been given access to necessary medical care while in custody, including post-operative follow-up and any related care. (Id.)

Upon entry, Petitioners presented themselves to an immigration official at the border. (Id. ¶ 1.) After a brief detention, the government found that Petitioners were neither a danger to the community nor a flight risk, and they

---

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted." Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

were released on their own recognizance with a Notice to Appear ("NTA") for ordinary removal proceedings under 8 U.S.C. § 1229. (Id.) Petitioners' immigration hearing date is March 30, 2026. (Doc. 5-2 (Gov. Ex. B).) Since entering the country, Petitioners have complied with all orders regarding their immigration status. (Pet. ¶ 2.) They are not subject to final orders of removal. (Id. ¶ 1.) Petitioners live "peacefully in Minnesota without incident, working, going to school, and engaging with their neighbors in the community." (Id. ¶ 2.) None of Petitioners have a criminal record. (Id. ¶ 37.)

Despite this prior release from custody, Petitioners were arrested and detained on January 30, 2026. (Id. ¶ 3.) At her regularly-scheduled Intensive Supervision Appearance Program ("ISAP") appointment, her ISAP case manager told Ms. M. R. to return the next day with her children, which she did. (Id.) At that time, all three of them were arrested and detained. (Id.) The arrest was warrantless. (Id.)

Although Petitioners' counsel did not take the case until February 12, 2026, almost two weeks after Petitioners were seized, counsel was still unable to locate Petitioners via any ICE database or by calling ICE, which is what the online ICE Locator System instructed her to do. (Id. ¶¶ 4-5.) At one point, counsel was told

the family was being held at "an unidentified hotel." (Id. ¶ 4.) Even after the Court issued its OSC, which required Respondents to return Petitioners to Minnesota if they had been transferred out of state, Respondents did not address Petitioners' current location, which the Court finds unresponsive at best and cruel at worst, especially considering that two of the petitioners in this case are children with medical needs. (Doc. 4.) The Court's own search of the ICE Detainee Locator returns no location for Ms. M. R. The Locator does not reveal locations for minors.

## II.    DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The petitioner bears the burden to prove illegal detention by a preponderance of the evidence. See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

Although Petitioners raise various claims in their petition, this case, like so many other immigration cases in this District, turns on whether 8 U.S.C. §

4

1225(b) or 8 U.S.C. § 1226(a) applies to Petitioners' situation. Because the Court concludes that § 1226(a) applies here, the Court will grant the habeas petition.

In <u>Mahamed C.A. v. Noem</u>, Magistrate Judge John F. Docherty succinctly explained the two statutes at issue in this case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1 (D. Minn. Dec. 16, 2025), <u>R&R adopted sub nom.</u>, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

Respondents argue that because Petitioners are noncitizens who were encountered at the border and "initially processed for expedited proceedings under § 1225(b)(1) before being released into the United States and later detained for the resumption of those proceedings previously begun," they are distinguished from the noncitizens who enter the country without admission or inspection and who are later encountered by immigration officials inside the country. (Doc. 4 at 2.) This distinction, they assert, means that this petition is governed by § 1225(b). (<u>Id.</u>) Respondents argue that Petitioners are noncitizens present in the United States without having been admitted, and are therefore

5

"applicants" for admission under section 1225(b) and subject to mandatory detention under § 1225(b)(2).  (Id. at 4.)  Courts have overwhelmingly rejected Respondents' interpretation, which says that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection.  See, e.g., Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases); Andres R.E. v. Bondi, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases).

When interpreting a statute, "every clause and word of a statute should have meaning."  United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting Montclair v. Ramsdell, 107 U.S. 147, 152 (1883)).  Noncitizens like Petitioners, who have been living in the country for months or years, but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b), which requires that several conditions be met before someone can be detained.  An immigration officer must determine that the noncitizen "is [1] an applicant for admission . . . [2] seeking admission . . . [and 3] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

6

Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929); Belsai, 2025 WL 2802947, at *5-6. Petitioners have resided in the country for almost two years and therefore, are not currently "seeking admission" into the United States. They do not need to "come from outside." They are already here.

In addition, Respondents issued Petitioners the same NTA that they issued to the petitioner in Andres R.E., 2025 WL 3146312, at *3. The Andres R.E. court explained that the NTA, itself, indicated that the petitioner was not "seeking admission" under § 1225:

> R.E.'s notice to appear does not indicate any present-tense action. In fact, the immigration officer indicated that R.E. was "an alien present in the United States who has not been admitted or paroled," while failing to indicate he was "an arriving alien":
>
> > ☐ You are an arriving alien.
> > ☒ You are an alien present in the United States who has not been admitted or paroled.
> > ☐ You have been admitted to the United States, but are removable for the reasons stated below.

> (ECF 13-2 at 1.)  Without any sort of present-tense action, R.E. is not "seeking admission," and is thus not subject to Section 1225(b).
>
> The government's reading would also render Section 1226(c)'s recent amendment superfluous.  Under the recent amendment set forth in the Laken Riley Act, people charged with certain crimes are not subject to discretionary release and must be detained.  The government's reading—that any noncitizen in the country that has not been admitted is subject to mandatory detention under Section 1225(b)—would render this amendment meaningless because the people who fall under mandatory detention in Section 1226(c) would already be subject to detention under Section 1225.

Id. (citations omitted).  (See Doc. 5-2 at 1, 4, 7 (Petitioners' NTAs).)

Petitioners have been in the United States for almost 2 years.  Accordingly, the Court finds that their detention is governed by § 1226(a)'s discretionary framework, and not the mandatory detention provisions of § 1225(b).  This District is united in finding that those who are already in the United States at the time they are detained by ICE are governed by the provisions of 8 U.S.C. § 1226, not § 1225(b). See Fuentes v. Olson, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025) ("Notably, every district judge in this District to consider this question on the merits has rejected the Government's argument.").  Nationally, over 300 cases have been decided against the government on this issue.  Id. at *1.

8

Pursuant to § 1226(a), Petitioners are entitled to a bond hearing.  8 U.S.C. § 1226(a)(1)(2); Belsai, 2025 WL 2802947, at *5–7; Andres R.E., 2025 WL 3146312, at *1 n.2.  However, § 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." Cristian Z. v. Bondi, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted).  "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." Id. (cleaned up); Ahmed M. v. Bondi, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Because Respondents admit in their own documents that Petitioners are not "arriving aliens" and because no warrant was issued or presented in this case, Petitioners' immediate release is the proper remedy here.  See Ahmed M., 2026 WL 25627, at *3 (a failure to satisfy warrant requirement is grounds for immediate release of an individual detained under Section 1226(a)).

Before the Court enters its order, it finds it necessary to comment on the human toll this case has wrought.  Since at least February 12, 2026, both Petitioners' counsel and the Court have searched more than once to ascertain the

9

location of Petitioners. The fact that Petitioners' own counsel cannot locate her clients is of particular concern. The Court refers Respondents to the Honorable Nancy N. Brasel's temporary restraining order in <u>Advocates for Human Rights v. U.S. Dep't of Homeland Security</u>, No. 26-CV-749 (NEB/DLM), 2026 WL 404457 (D. Minn. Feb. 12, 2026), which requires immigration agents at the Whipple Federal Building to allow detainees access to counsel.

Moreover, while by now most of those familiar with this system accept that it may take two or three days for an individual's location to register on the ICE Online Locator (assuming that person is not being transferred from location to location in an attempt to outrun the jurisdiction of a particular court), it is disturbing that an entire family unit can somehow disappear into an ICE blackhole for more than two weeks. This concern over the lack of transparency concerning Petitioners' whereabouts is exacerbated due to the children's health issues, which Respondents do not even mention in their brief. All the more reason to grant the petition.

### III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioners Elizabeth M. R., A.E.P.M., and I.A.P.M.'s Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows**:

    a. Respondents are ordered to immediately arrange for release of Petitioners into Minnesota at a safe time and in a safe place that is communicated at least two (2) hours in advance to Petitioner's counsel;

    b. Respondents are ordered to release Petitioners on their own recognizance and without conditions beyond those that existed prior to their unlawful re-detention;

    c. Respondents are ordered to immediately return all of Petitioners' personal items that were taken from them when they were detained in substantially the same condition as when the items were taken, such as a driver's license, immigration papers, passports, cell phones, children's items, and keys; and

    d. Respondents are enjoined from re-detaining Petitioners under the same statutory theory that has been rejected in this Order.

2. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET  JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 16, 2026            s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court