**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Elizabeth M.R.,
A.E.P.M., a minor child,
I.A.P.M., a minor child,

Petitioners,

v.

David Easterwood, et al.,

Respondents

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ATTORNEYS' FEES**

Civil File No. 26-1405 (MJD/ECW)

---

Lyndsey M. Marcelino Schalkwyk, Ji Hae Kim, Marcelino & Kim PC, Counsel for Petitioner.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

---

## I. INTRODUCTION

Before the Court is Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"). For the following reasons, the motion is granted.

## II. BACKGROUND

On February 12, 2026, Petitioners' counsel ("Counsel") filed a petition for writ of habeas corpus on behalf of Petitioners, who are a mother and her two minor children. (Doc. 1.) At the time the petition was filed, which was two

weeks after Petitioners were taken into custody by ICE at a regular Intensive Supervision Appearance Program appointment, Counsel could not find Petitioners anywhere in the ICE Online Detainee Locator System. (Id. ¶¶ 3- 4.) She was, however, told that the family was being held "at an unidentified hotel." (Id. ¶ 4.) Petitioners claimed that Respondents had apparently subjected them to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) in violation of the law, arguing that this statute did not apply because they were previously released from custody and had since "resided in this country without issue." (Id. ¶ 44.) Petitioners argued that because they were not seeking admission, detention was properly classified under 8 U.S.C. § 1226(a), which requires issuance of a warrant as a condition precedent for detention, something that did not happen in this case. (Id. ¶¶ 46, 64.)

On February 13, 2026, the Court issued an Order to Show Cause ("OSC") that, among other things, ordered Respondents to "immediately" return Petitioners to Minnesota if they had been transferred out of state. (Doc. 3.)

Despite this order and despite repeatedly contacting Respondents to determine Petitioners' whereabouts, Counsel did not receive notification until 10:15 p.m. on February 14 that Petitioners were "en route to Minnesota." (Doc. 20

(Marcelino Schalkwyk Decl.) ¶ 11.) This was 38 hours after the Court ordered Petitioners' immediate return to Minnesota. (Doc. 19 (Atty. Fees Memo) at 4.)

On February 17, the Court granted Petitioner's petition for writ of habeas corpus because Petitioners had been in the country for two years and had complied with all immigration orders during that time, and therefore detention was governed by 8 U.S.C. § 1226(a)'s discretionary framework, and not the mandatory detention provisions of 8 U.S.C. § 1225(b). (Doc. 8 at 8.) However, because issuance of a warrant is a necessary predicate to detention under § 1226(a), something that did not occur here, Respondents had no right to detain Petitioners. (Id. 9.) Therefore, the Court ordered Respondents to immediately arrange for Petitioners' release from custody "on their own recognizance and without conditions beyond those that existed prior to their unlawful re-detention." (Id. at 11.) The Court also noted the "human toll this case has wrought" due to the "ICE black hole" that Petitioners were in for over two weeks when neither Counsel nor the Court could locate them. (Id. at 9-10.)

Notwithstanding this order, Respondents placed additional ERO check-in requirements on Petitioners. On March 2, 2026, Counsel contacted the AUSA regarding this requirement and was told that the condition would be removed.

(Doc. 20 ¶ 13.) However, the condition was not removed, which necessitated Petitioners' March 9 filing of a motion for order to show cause and for enforcement of the Court's February 16, 2026 release order. (Doc. 15.) It was not until one hour before the scheduled ERO check-in on March 10 that Respondents confirmed that Petitioners need not attend the check-in and were no longer subject to the new ERO check-in requirement. (Doc. 20 ¶ 14.)

On March 25, 2026, the Eighth Circuit issued its opinion in Avila v. Bondi, which was pending before the Eighth Circuit Court of Appeals during the parties' litigation of this case. Avila holds that petitioners such as those here are subject to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). 170 F.4th 1128, 1136-37 (8th Cir. 2026).[1]

## III. DISCUSSION

[1] A circuit split has emerged on this issue. The Fifth and Eighth Circuits hold that § 1225(b)(2) mandates detention for noncitizens who are arrested in the interior of the country after being here for months or even years. See Avila, 170 F.4th at 1136-37; Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). The Second, Sixth, Tenth, and Eleventh Circuits hold that these noncitizens are subject to discretionary detention under § 1226(a). See Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026). On October 1, 2026, the Supreme Court granted cert. on the issue. Rhoney v. Barbosa da Cunha, 26-104, --- S. Ct. ---, 2026 WL 2942994 (Mem.). No date has been set for oral argument.

The EAJA provides the following:

> Except as otherwise specifically provided by statute, a court shall award to a **prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

### A. Merits

There is no question that Petitioner was the prevailing party because she was "the party ultimately prevailing when the matter [was] finally set at rest." Lackey v. Stinnie, 604 U.S. 192, 200 (2025) (quoting Black's Law Dictionary). The question is whether Respondents' position was substantially justified.

"Substantially justified" means that Respondents' position had "a reasonable basis in law and fact." United States v. Hurt, 676 F.3d 649, 652 (8th Cir. 2012) (quoting Bah v. Cangemi, 548 F.3d 680, 683-84 (8th Cir. 2008)). Therefore, an incorrect position can be substantially justified as long as "a reasonable person could think it correct." Bah, 548 F.3d at 683 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). "The Government may also be justified in litigating a legal question that is unsettled in this circuit." Id. at 684.

Respondents do not oppose the instant motion. However, they mention Avila and "leave that issue to the Court's sound discretion." (Doc. 23 at 1.) The Court finds that Respondents' position was substantially justified. Despite this, the Court will grant Petitioner's motion.

The underlying legal basis for Petitioner's detention does not end the Court's inquiry. Rather, "[t]he EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct." Hilario C.D. v. Blanche, Case No. 26-cv-738 (NEB/DTS), Docket No. 21, slip opinion, at 4 (D. Minn. July 30, 2026) (quoting Bah, 548 F.3d at 684). Here, Respondents ignored the Court's orders requiring them to immediately arrange for Petitioners' return from detention and to release Petitioners from custody without conditions beyond those that existed prior to their unlawful detention, not to mention the weeks Petitioners were in detention without their family or even their attorney being able to locate them. The Court has already stated that the travesty of this family falling into an immigration black hole was even more dire because both children had medical issues. (Doc. 8 at 10.)

A "basic proposition" of our justice system is that "all orders and judgments of the courts must be complied with promptly." Hilario C.D., Case

No. 26-cv-738, Docket No. 21, at 5 (quotation omitted). Here, Respondents' failure to follow Court orders with no explanation for noncompliance, lacks any reasonable basis in law or fact. Id.; Adriana M.Y.M. v. Easterwood, No. 26-CV-213 (JWB/JFD), 2026 WL 1786122, at *2 (D. Minn. June 22, 2026) (granting EAJA fees based on additional briefing required to address "rapid transfer of Petitioner and the uncertainty regarding her location"). The Court agrees with the Honorable Nancy Brasel that denying fees in a case in which Counsel spent hours responding to Respondents' failure to comply with Court orders or to explain their actions, "would create exactly the financial disincentive the EAJA was designed to alleviate, discouraging attorneys from providing support to clients like [Petitioner]." Hilario C.D., Case No. 26-cv-738, Docket No. 21 at 5.

**B. Fee Request**

"[F]ees and other expenses . . . shall be based upon prevailing market rates" for attorneys' fees, but the statute caps these fees to $125/hour unless the court determines "that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Petitioners seek an upward adjustment to a rate of $336 per hour in light of the following special factors: (1) limited attorney availability during Operation Metro Surge, specifically, that

"until habeas was filed, Respondents refused to even locate the family, let alone allow them to have access to counsel"; (2) time constraints, noting specifically, "Even with the rapid response times reflected in this record, Petitioners spent two weeks in an unidentified hotel, transported away from their home state and then back, all without a legal basis"; and (3) skill required and results obtained. (Docs. 19 at 14-16; 20 ¶ 17 (explaining method of calculating hourly rate).)

The Court agrees that an upward adjustment is reasonable in this case. Petitioners seek $336 an hour. The Court, however, finds $350 an hour more reasonable here. This is the rate the Court has authorized for other Metro Surge fee awards. The Court also finds that the number of hours requested, 16, is reasonable. Using an hourly fee of $350 x 16, the total fee award is $5,600.00.

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act **[Doc. 18]** is **GRANTED**; and

2. Petitioner is awarded $5,600.00 in reasonable attorney fees under the EAJA, 28 U.S.C. § 2412(d).

Dated: October 16, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court